[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds that the marriage of the parties entered into on February 11, 1966 has broken down irretrievably and that the plaintiff has resided continuously in Connecticut for twelve months preceding the filing of the complaint. The court further finds that there is one minor child, issue of the marriage, Paul J. Ganem, born March 12, 1973.
The court further finds that the marital home in Winsted is in the name of the plaintiff husband having been originally a gift from his mother to him and to his brothers who subsequently gave their interest to the plaintiff. The plaintiff also has title to a lot on East Main Street in Torrington, purchased in part from his liquidation of his interest in a business for which his mother made available to him a sum of money. The court finds that the defendant wife also contributed to the acquisition, preservation and appreciation in value of the Torrington property by maintaining the home, raising the couples' children and working part-time and full time. The defendant also contributed to the preservation and appreciation in value of the Winsted home by the same means.
The court finds the plaintiff, a hard-working state college professor and part-time entrepreneur, contributed to both properties' acquisition, preservation and appreciation in value. Considering the length of this marriage, over 24 years, the cause of the dissolution which is equally that of the plaintiff and defendant, the ages, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each party and each one's opportunity for future acquisition of capital assets and income and the contribution of each of them in the acquisition, preservation and appreciation in value of their respective estates, the court makes the following orders CT Page 3246 under Section 46b-81 of the General Statutes:
The plaintiff husband will retain sole title to the Winsted home, as agreed. The plaintiff husband will also retain sole title to the Torrington property. The plaintiff husband will pay to the defendant wife the sum of $100,000 as follows: $20,000 forthwith and the balance to be amortized over five (5) years with interest at the prevailing prime rate which entire obligation shall be secured forthwith by a mortgage to the defendant wife upon the Torrington property. In the event the Torrington property is sold the entire balance shall be paid. The plaintiff husband will be responsible for all mortgage payments on the Winsted and Torrington properties, together with taxes thereon.
The court will award custody of Paul to the plaintiff husband who will be solely responsible for his support.
The plaintiff husband will assume sole responsibility for all liabilities listed on his financial affidavit. The defendant wife shall assume sole responsibility for all liabilities listed on her financial affidavit.
The income tax refund checks held by the parties are to be divided equally between the parties.
Considering the length of the marriage, the causes of its dissolution, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties, the desirability of the custodial parent in securing employment and the award under Section 46b-82, the court makes the following orders under Section 46b-82 of the General Statutes:
The plaintiff husband is to pay the defendant wife the sum of $200.00 weekly alimony until she dies, remarries or cohabits with an unrelated male.
The plaintiff husband will also pay to the defendant wife the sum of $3,500.00 for counsel fees.
The court will enter an order dissolving the marriage.
McDONALD, J.